# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEVON SCOTT ALVEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-706-SNLJ |
| JOSEPH HURST, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Devon Scott Alvey, a prisoner who is proceeding herein pro se and in forma pauperis. For the reasons discussed below, the Court will direct the Clerk of Court to issue process or cause process to issue upon defendants Joseph Hurst and Steven Patterson in their individual capacities.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against corrections officers Joseph Hurst and Steven Patterson. He sues the defendants in their official and individual capacities. Condensed and summarized, plaintiff alleges he had a verbal confrontation with Hurst on January 4, 2019, and that following that confrontation, Hurst handcuffed him and then slammed him to the floor, even though he was posing no threat. Plaintiff was unable to break his fall, and he hit his head on the floor. Hurst then choked plaintiff into unconsciousness while Patterson restrained plaintiff's legs. When plaintiff awoke, he was evaluated by medical staff, and complained of neck and shoulder pain. Plaintiff alleges the incident caused him to suffer this pain and also "bad headaches." He seeks only monetary relief.

## Discussion

Plaintiff's official capacity claims will be dismissed. The Eleventh Amendment prohibits suits for monetary relief against state officials acting in their official capacities, *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984), and "state officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Having liberally construed the amended complaint, the Court determines that plaintiff has stated plausible excessive use of force claims against both defendants in their individual capacities. The Court will therefore require the defendants to respond to the amended complaint.

Plaintiff has also filed two motions seeking the appointment of counsel. (ECF Nos. 4 and 12). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon the amended complaint, it appears this case is factually and legally straightforward, and there is no indication plaintiff will be unable to investigate the facts or clearly present his claims. In addition, the motions are premature, as the defendants have yet to be served with process and discovery has not begun. However, circumstances may change as the case progresses. The Court will therefore deny the motions for the appointment of counsel, without prejudice. If appropriate at a later time, plaintiff may file a motion to appoint counsel that addresses the relevant factors.

Plaintiff has also filed a motion titled "Motion for Production of Video Evidence to Support 1983," in which plaintiff seeks discovery materials. (ECF No. 11). This motion is also premature, as neither defendant has been served with process and this Court has yet to enter a

Case Management Order to establish discovery deadlines. The Court will therefore deny the motion, without prejudice. Plaintiff will have the opportunity to engage in discovery if and when a Case Management Order is entered.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against defendants Joseph Hurst and Steven Patterson are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Joseph Hurst and Steven Patterson in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (ECF Nos. 4 and 12) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Production of Video Evidence to Support 1983 (ECF No. 11) is **DENIED** without prejudice.

Dated this 19th day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE