UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEVON SCOTT ALVEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-706-SNLJ |
| JOSEPH HURST, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions to dismiss the amended complaint, filed by defendants Steven Patterson and Joseph Hurst. (ECF Nos. 31 and 36). Plaintiff has not responded to either motion, and the time for doing so has passed. Having considered the motions and defendants' arguments in support, the Court has determined to grant the motions and dismiss this action without prejudice.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (*citing Twombly*, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.").

**Background**

Plaintiff is an inmate confined to the custody of the Missouri Department of Corrections ("MDOC"). He is currently incarcerated at the Potosi Correctional Center ("PCC"). He brings this action pursuant to 42 U.S.C. § 1983 against Hurst and Patterson, and alleges that, on January 4, 2019, Hurst used excessive force while Patterson restrained plaintiff's legs.

Included as an exhibit within the amended complaint is a copy of an Informal Resolution Request ("IRR") form that plaintiff filed regarding the incident. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Court considers this document part of the amended complaint for all purposes. In the amended complaint, plaintiff avers he abandoned the grievance process after filing the IRR because he did not receive a timely response. Plaintiff writes: "[t]hey have 40 days to respond to the IRR they exceeded the 40 day time period," and "I was refused the right to access the courts due to them exceeding the 40 day time limit." (ECF No. 10 at 21).

2

Plaintiff avers that he believes his administrative remedies should be deemed exhausted because prison officials failed to respond to his IRR in a timely manner. *See id.*

In both of the instant motions, defendants contend that this action should be dismissed due to plaintiff's admitted failure to exhaust administrative remedies before bringing this lawsuit. Plaintiff did not respond to either motion.

**Discussion**

According to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that exhaustion is mandatory). An inmate satisfies § 1997(e) when he "pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (quoting *Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012)).

As the Eighth Circuit Court of Appeals has recognized, there are three steps to the MDOC grievance process:

> First, an inmate files an Informal Resolution Request (IRR). If dissatisfied with the response to the IRR, the inmate files a formal grievance. MDOC Department Manual, D5–3.2 Offender Grievance, III.L.1 (2009). If dissatisfied with the response to the grievance, the inmate appeals within seven days, or the appeal is "considered abandoned." *Id.* at III.M.1. "After receiving the appeal response, the offender has exhausted the grievance process." *Id.* at III.M.12. **"Expiration of the response time limit at any stage of the process shall allow the grievant to move to the next stage of the process."** *Id.* at III.K.9 (IRRs); III.L.18 (grievances).
> . . .
>
> According to the Manual, an IRR "should be responded to as soon as practical, but within 40 calendar days of receipt." *Id.* at III.K.6.e.

*Porter v. Sturm*, 781 F.3d 448, 450 (8th Cir. 2015) (emphasis added). Exhaustion is not complete until the inmate receives a response to the grievance appeal. *Id.*

Inmates are excused from exhausting administrative remedies when prison officials prevent them from using the procedures, or when officials themselves fail to comply with the procedures. *Id.* (citing *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)). However, a prison official's failure to timely respond to an inmate's IRR or grievance, even if unjustified, does not excuse the inmate's failure to exhaust if the lack of a timely response neither prevents the inmate from using grievance procedures, nor causes remedies to be unavailable. *See id.* at 452.

The Eighth Circuit has recognized that an inmate must exhaust administrative remedies *before* filing suit, and has instructed that district courts must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*

In the case at bar, plaintiff filed an IRR regarding the claims he seeks to raise herein, but did not file a grievance or grievance appeal. Because plaintiff did not complete each step of the grievance process through receipt of a response to a grievance appeal, he did not exhaust administrative remedies. *See Porter*, 781 F.3d at 450 (exhaustion is not complete until the inmate receives a response to the grievance appeal). Plaintiff does not explain, nor is it apparent, how the lack of a timely response to his IRR prevented him from using the grievance procedure, or caused remedies to be unavailable. As noted above, under MDOC policy, the fact that an official failed to timely respond would not have prevented plaintiff from continuing using the grievance procedure, as expiration of the response time at one stage of the grievance process allows inmates to proceed to the next. *See id.* Additionally, while plaintiff states in the amended

complaint that he was "refused the right to access the courts," none of his allegations can be said to state a plausible access-to-courts claim. *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (describing necessary elements of an access-to-courts claim).

In sum, plaintiff admittedly failed to exhaust administrative remedies with respect to the claims he seeks to bring herein, and there is no basis for the Court to conclude that the lack of a timely response to his IRR prevented him from using grievance procedures, or caused remedies to be unavailable. Dismissal is therefore mandatory. *See Johnson*, 340 F.3d at 627. The Court will grant both motions to dismiss, and dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss the amended complaint, filed by defendants Steven Patterson and Joseph Hurst (ECF Nos. 31 and 36) are **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this _6th_ day of March, 2020.

                                        STEPHEN N. LIMBAUGH, JR.
                                        UNITED STATES DISTRICT JUDGE